**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| FREDERICK ZIRKLE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )      2:11-CV-302  PPS |
| | ) |
| CHARLOTTE PELLER, LAKE COUNTY | ) |
| DEPARTMENT OF CHILD SERVICES, | ) |
| LAKE COUNTY CASA, KALYANI | ) |
| GOPAL, MICHELLE HIMM ZIRKLE, and | ) |
| MICHAEL SARAFIN, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On August 19, 2011, Plaintiff Frederick Zirkle filed a Complaint in this Court, *pro se*.

He captioned the Complaint as one for "Temporary Restraining Order & Permanent Injunction

Declaratory Judgment."  The Complaint seeks an order from this Court vacating child custody

decisions made by Indiana state court judge Charlotte Peller over the last year and enjoining the

state court from making future decisions in the child custody case, among other things.  (The

remaining claims are not relevant here.)  According to the Complaint, Defendant Peller is a

magistrate judge in the Juvenile Division of Lake County Superior Court.

On August 22, I entered an order stating that I was not holding a TRO hearing based on

the allegations in the Complaint because the Complaint did not adequately allege that Zirkle

would suffer irreparable harm, and in any event, I was not convinced I have the authority or

jurisdiction to provide the relief sought.  I told Zirkle that if he believed an immediate hearing

was necessary, he had to file a motion explaining why immediate action was necessary to avoid

immediate and irreparable harm and why I have the authority to grant such relief.[1]  Notably, the defendants in this case have not yet been served the Complaint.

On August 29, Zirkle responded to my order by arguing that he would be irreparably harmed if I did not enjoin the state court case because Magistrate Peller is making custody decisions without providing him a fact-finding hearing in violation of his federal due process rights.  He argues an immediate injunction is necessary because a custody hearing was scheduled in state court for later that day.  And this Court has jurisdiction because Magistrate Peller is a state actor and his claims are grounded in the Fourteenth Amendment.  Based on the allegations in the Complaint and the arguments in Zirkle's response to my August 22 order, I read his filings as a motion for a temporary restraining order that would vacate the state court's previous orders governing the custody proceedings and enjoin the state court from taking any action in his case until it holds a fact-finding hearing.

To obtain a temporary restraining order under Federal Rule of Civil Procedure 65, Zirkle must show (1) some likelihood of success on the merits, (2) no adequate remedy at law exists, (3) an irreparable injury if the TRO is not issued, and (4) an injunction would not harm the public interest.  *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006); *Winnig v. Sellen*, 731 F. Supp. 2d 855, 856 (W.D. Wisc. 2010) ("The core difference between a temporary restraining order and a preliminary injunction is that the former may be issued 'before the adverse party can be heard in opposition.'") (quoting Fed. R. Civ. P. 65 (b)(1)(A)).  I find that

---

[1]  The day after I entered the order, on August 23, Zirkle's First Amended Verified Complaint was entered on the court's docket.  The Amended Complaint was mailed on August 20, and it provides additional facts in support of his claims.  But the Amended Complaint does not address any of the issues I presented in my August 22 order.

Zirkle's motion fails because he has not demonstrated any likelihood of success on the merits. And, in any case, Zirkle has an adequate remedy at law through the state court appellate process.

First, the *Rooker-Feldman* doctrine precludes federal courts other than the United States Supreme Court from reviewing state court decisions. *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 509-10 (7th Cir. 1996). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 590 (7th Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Instead, "[a] litigant dissatisfied with the decision of a state tribunal must appeal rather than file an independent suit in federal court." *Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994). The doctrine applies to injuries that result from, or are "inextricably intertwined" with, a state-court judgment. *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008).

Here, Zirkle claims that I should vacate the state court's custody decisions because the state court violated his procedural due process rights by denying him a fact-finding hearing. But a plaintiff cannot avoid *Rooker-Feldman* by "casting his complaint in the form of a civil rights action" or by adding claims of constitutional deprivations. *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993), *cert denied*, 114 S.Ct. 694 (1994); *see Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1996) ( "[L]itigants who feel a state proceeding has violated their constitutional rights must appeal that decision through their state courts and thence to the Supreme Court."). And Zirkle is not arguing that a widespread rule or generally applicable statute is unconstitutional, but instead is claiming that the state court's decision in his state custody case was wrong. So his claims here

arise out of that court's decision.  In this situation, Zirkle must challenge the state court's ruling

through the state court's appellate system.  *District of Columbia Court of Appeals v. Feldman*,

460 U.S. 462 (1983); *see Eckardt v. Kouri*, 2011 WL 3421325, at *1-2 (C.D. Ill. Aug. 5, 2011)

("In so far as Plaintiff is seeking review of a state court judicial decision and, specifically, of the

conduct of presiding judges, she must appeal that decision through the state appellate court

system.") (citing *Mannix v. Machnik,* 244 Fed. Appx. 37, 38 (7th Cir. 2007)); *see also Taylor-*

*Holmes v. Office of Public Guardian*, 2011 WL 30101, at *4-6 (N.D. Ill. Jan. 4, 2011) (listing

Seventh Circuit cases holding that *Rooker-Feldman* barred a federal action seeking reversal of a

state court's child custody ruling).

Zirkle also asks me to enjoin the state court from taking future action.  But the Anti-

Injunction Act bars a district court from enjoining pending "proceedings in a State court except

as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to

protect or effectuate its judgments."  28 U.S.C. § 2283.  And while actions under 42 U.S.C. §

1983 fall within the "expressly authorized by Congress" exception to the Act, *see Mitchum v.*

*Foster*, 407 U.S. 225 (1972), this does not change the fact that I must abstain from disrupting

ongoing state litigation in all but the most extraordinary situations, *see Pennzoil Co. v. Texaco*

*Inc.*, 481 U.S. 1 (1987).  Indeed, the applicability of an exception to the Act does not "qualify in

any way the principles of equity, comity, and federalism that must restrain a federal court when

asked to enjoin a state court proceeding."  *Mitchum*, 407 U.S. at 243.  This means that even if an

exception applies "[t]he extraordinary relief of an injunction of state court proceedings must also

be supported by the traditional equitable requirements such as irreparable harm for which there is

no adequate remedy at law."  *Zurich American Ins. Co. v. Sup. Ct. for State of California*, 326

F.3d 816, 825 (7th Cir. 2003).

Here, principles of comity and federalism dictate against an injunction. First, child custody decisions are traditionally state, not federal issues. *See Ankenbrandt v. Richards,* 504 U.S. 689, 701 (1992); *Moore v. Sims*, 442 U.S. 415, 435 (1979). And under principles of comity and federalism, I must assume that Indiana courts will not disregard Zirkle's constitutional rights in adjudicating the custody dispute. *Zurich*, 326 F.3d at 827-28. Moreover, Zirkle is not arguing that the state court itself fails to provide sufficient procedural safeguards, and he may appeal any constitutional violations committed in his child custody case to Indiana appellate courts. So, because Zirkle has an adequate remedy at law, I may not enjoin the state court from taking action in Zirkle's ongoing state court proceedings. *See Mannix*, 244 Fed. Appx. at 38-39 (declining to enjoin state court custody dispute under § 2283); *Offutt v. Kaplan*, 884 F.Supp. 1179, 1189-90 (N.D. Ill. 1995) (declining to enjoin state court child custody case despite federal civil rights claims because state appellate courts provided adequate remedy); *Alpern*, 38 F.3d at 933 (holding that *Rooker-Feldman* doctrine and § 2283 (among others) bar review of divorce-related proceedings).

In sum, based on the record before me, Zirkle has not shown a likelihood of success on the merits because I am not satisfied that I have the jurisdiction or authority to grant the relief he seeks. And if Zirkle believes the state court has violated his federal due process rights, he may appeal that decision to the Indiana appellate court. Quite simply, at this point in the litigation (again, the defendants have not yet been served), I will not vacate the state court's custody orders and enjoin the state court from making future custody decisions without more.

For the foregoing reasons, Zirkle's motion for a temporary restraining order is **DENIED**.

[DE 8.]

**SO ORDERED**.

ENTERED: August 30, 2011.

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT