UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FREDERICK ZIRKLE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 2:11-CV-302  PPS |
| ) | |
| CHARLOTTE PELLER, LAKE COUNTY ) | |
| DEPARTMENT OF CHILD SERVICES, ) | |
| LAKE COUNTY CASA, KALYANI ) | |
| GOPAL, MICHELLE HIMM ZIRKLE, and ) | |
| MICHAEL SARAFIN, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Anthony Zirkle lost custody of his son in an Indiana state court, and he is understandably upset with that decision. So after appealing in the state court system, he filed a complaint in this Court on behalf of himself and his son against a variety of people who were involved in the state court proceedings. There are three motions presently before me. The first is brought by Zirkle and is styled as a Motion to Correct Error, but which in essence is a motion for a preliminary injunction. [DE 16.] The other two are motions to dismiss filed by Defendants Magistrate Charlotte Peller, Lake County Department of Child Services ("DCS"), Lake County Court Appointed Special Advocacy Program ("CASA"), and Magistrate Michael Sarafin (collectively the "Lake County Defendants") [DE 18], and by Defendant Kalyani Gopal, a psychologist who submitted a report to the state court magistrates in the state court proceedings. [DE 22]. As I lack jurisdiction over this matter, Zirkle's requests are denied, and the motions to dismiss are granted.

**Background**

Zirkle filed his complaint in this Court on August 19, 2011. In it, he alleged that his due

process rights were violated as a result of the custody proceeding where he lost custody of his son. I'll describe the facts as alleged by Zirkle and according to the documents Zirkle submitted. [DE 5; DE 24, at 8-49.]

Zirkle and his ex-wife Michelle Himm-Zirkle ("Himm") had three children together. When they divorced, Zirkle (who evidently is a lawyer) wrote the terms of their decree, wherein they shared legal custody, but Zirkle had physical custody of their son and Himm had physical custody of their two daughters. Zirkle states that he had an amicable relationship with Himm, but in July 2010 they had a disagreement about a man she saw while he was taking care of the children. At one point during their disagreement, Himm called the police. Soon thereafter, on July 13, the Lake County Department of Child Services received a report about the incident.

After receiving the report, DCS employee Danish Barnes called Zirkle to investigate, but he hung up on her. [DE 5, at 4.] Then on July 26, 2010, Himm requested a protective order against Zirkle to stop him from coming to her home. [DE 5, at 5.] Magistrate Judge Cheryl Williamson handled the hearing and granted Himm an order of protection; and the subsequent motion to correct error was denied. [DE 5, at 20.]

On July 29, 2010, a Child in Need of Services ("CHINS") petition was filed by Elizabeth Flores of the Indiana DCS in the Juvenile Division of the Lake County Superior Court. [DE 24 at 9-10.] Danish Barnes is listed as the case manager. The petition states that the Indiana DCS took all three children into custody because of concerns for their safety and well-being after it received allegations of domestic violence from Himm. [*Id.*] Himm had reported that under the divorce decree, they shared legal custody of their three children, but she had physical custody of their two daughters and he has physical custody of their son, who has a "shadow of asperger's." She reported that she was afraid of Zirkle, that one of her daughters doesn't feel safe with him,

2

and that Zirkle doesn't properly care for their son who requires extra attention. The petition stated that Zirkle did not cooperate when Barnes called him about the issues. [*Id.*]

The day the petition was filed, Judge Mary Beth Bonaventura held an initial hearing and concluded that it was in the best interests of the children to remain in the custody of their mother. [DE 24, at 14.] Among other tings, she ordered both parents to undergo a parenting assessment and appointed the Lake County CASA Program to represent the interests of the children in the proceeding. [*Id.*] The matter was then set for a further hearing on August 30, 2010. [DE 24, at 14.]

Magistrate Peller had an in-person hearing on August 30, 2010 and issued an order concluding that DCS should retain responsibility for the placement and care of the children. [DE 24, at 16-17.] Essentially, the status quo was being maintained meaning that the children would remain in Himm's custody. *Id*. Peller also denied a number of motions brought by Zirkle such as a motion to correct error and motion to allow him parenting time. *Id.* Later, Peller scheduled a Permanency Hearing Review for July 15, 2011, which was continued until August 29, 2011 at Zirkle's request. [DE 24 at 21-23.]

Prior to the August 29, 2011 hearing Zirkle requested another motion to continue, but Peller denied the motion. Because he was incarcerated, Zirkle didn't appear at the August 29, 2011 hearing. During the hearing, Peller heard testimony from Linda Zirkle, the children's grandmother, two police officers, and Dr. Anissa Rivers. [DE 24, at 26-27.] The next day Peller issued an order again granting physical custody and control of the son to Himm and accepting the permanency plan. [DE 24, at 29.] Peller reasoned that Himm completed the case plan while Zirkle did not, and that the child's therapist stated that it was in his best interests to remain in his mother's custody. [*Id.*]

In the case in this court, Zirkle alleges that during the state court proceedings, the judicial officers violated his constitutional right to due process. In particular, Zirkle claims that Magistrate Judge Peller denied him a fact finding hearing after the CHINS petition was filed, violating his right to due process. He requested a temporary restraining order and permanent injunction vacating any of Peller's CHINS orders and prohibiting her from entering any other orders until she holds a fact finding hearing. [DE 5, at 8.] He also names Magistrate Sarafin, another Lake County Superior Court magistrate, for his failure to correct Magistrate Peller's supposed error. [DE 5, at 18.]

Zirkle alleges that the Lake County Department of Child Services deprived him of due process in seeking a protective order against him and making misrepresentations to the Indiana court. [DE 5, at 12-13.] Zirkle also alleges that the Lake County CASA, appointed as an advocate for the children, failed to provide adequate representation. [DE 5, at 14-15.] Finally, he claims that Dr. Kalyani Gopal, who conducted a parenting assessment of him, sent false psychological reports to the Department of Child Services, and requests that all parties return the report to him because it was false and he did not consent to the report's release. [DE 5, at 15-16.]

After receiving his complaint, I instructed Zirkle to file a motion explaining why I should hold an immediate hearing, and how I have jurisdiction over the state court matter. [DE 4.] He filed his First Amended Verified Complaint the next day, adding additional facts, but failing to address either of my concerns. I denied the temporary restraining order because Zirkle didn't demonstrate a likelihood of success on the merits or that he lacks an adequate remedy at law through the state court appellate process. Now he requests that I either reconsider that decision or stay these proceedings until the Indiana Supreme Court rules in a custody case that he says is similar to this one.

4

For their part, the Lake County Defendants and Gopal filed motions to dismiss, arguing that, among other things, I don't have jurisdiction to address this matter.

**Discussion**

The defendants are correct that the *Rooker-Feldman* doctrine bars me from exercising jurisdiction. The *Rooker-Feldman* doctrine precludes federal courts (other than the United States Supreme Court) from reviewing state court decisions. *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 509-10 (7th Cir. 1996). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 590 (7th Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Instead, "[a] litigant dissatisfied with the decision of a state tribunal must appeal rather than file an independent suit in federal court." *Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994). The doctrine applies to injuries that result from, or are "inextricably intertwined" with, a state-court judgment. *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008). A plaintiff cannot avoid *Rooker-Feldman* by "casting his complaint in the form of a civil rights action" or by adding claims of constitutional deprivations. *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993), *cert denied*, 114 S.Ct. 694 (1994); *see Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1996) ("[L]itigants who feel a state proceeding has violated their constitutional rights must appeal that decision through their state courts and thence to the Supreme Court.").

Zirkle's First Amended Verified Complaint is a prime example of the proper application of the *Rooker-Feldman* doctrine. As an initial matter, I'm taking Zirkle's insistence that he lacks a state court remedy as a statement that the state matter is closed. He states in his Motion to

Correct Error that his appeal in the Indiana Court of Appeals was dismissed with prejudice, but he doesn't specify whether he appealed the most recent August 30, 2011 order from Magistrate Peller or the initial custody order from July, 2010. [DE 16, at 8.] However, Zirkle is adamant throughout his briefing that an appeal would be futile, and, taking his statements as true, I interpret this as an acknowledgment that he's not seeking an appeal.[1]

Turning to Zirkle's claims, it is clear that his federal claims are intertwined with the state court judgment. Thus, his only remedy is to challenge the state court's ruling through the state court's appellate system. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Several cases have arrived at this conclusion under similar circumstances. For example, in *Golden v. Helen Sigman & Assocs., Ltd.,* 611 F.3d 356 (7th Cir. 2010), the plaintiff brought an action against his former wife's attorney, the wife's friend and business associates, a neighbor, and the court-appointed representative for his minor child. He alleged that the defendants had conspired to damage his relationship with his daughter, impugn his reputation, and destroy his financial well-being. *Id*. at 359. The Seventh Circuit relied on the *Rooker-Feldman* doctrine in affirming dismissal of the claims because the harm of which the plaintiff complained was the custody decision made by the state court. The court reasoned that because the alleged harm

---

[1] If I am incorrect, the analysis changes but the outcome doesn't. If Zirkle's case is still open because he's pursuing an appeal, I should abstain from exercising jurisdiction. *Younger v. Harris,* 401 U.S. 37 (1971). Under *Younger* abstention, a federal court should not adjudicate matters pending in state court that are ongoing, involve an important state interest, and where the federal plaintiff can bring their constitutional claims during or after the proceeding. *Id.*; *Nelson v. Murphy*, 44 F.3d 497, 501 (7th Cir. 1995) ("The principle of *Younger* is that a party to a state proceeding affecting important governmental interests must resolve the dispute in the state's preferred tribunal."). Here, if it's true that Zirkle is actively appealing the August 2011 order, the first requirement for abstention is present. As are the second and third requirements–the state of Indiana has an important interest in managing the affairs of its child care services, and the state court system can address the due process concerns he raises here because they're all tied to the custody proceedings.

flowed directly from the state court order, there was no harm that was separate and independent from the state court's determination that the court could address. *Id.* at 362.

Likewise, in *Mannix v. Machnik*, 244 Fed. Appx. 37, 38 (7th Cir. 2007), the court reached the same decision when the plaintiff sought recovery under 42 U.S.C. § 1983 against four state judges and several other defendants after she lost custody of her two sons. Noting that Mannix was a "disappointed litigant," the Seventh Circuit concluded that her claims against the judges were barred by the *Rooker-Feldman* doctrine to the extent that she sought to modify the state court's custody determination. *Id.* at 39.

Zirkle's complaints are similar. Although they are couched in terms of being due process violations, what he really wants is to change the result of the custody battle he lost in state court. In other words, the injury of which he complains is the loss of the custody of his children.

This is true as to each of the Lake County Defendants and to Dr. Gopal as well. First, Zirkle's due process claims as to Magistrates Peller and Sarafin directly relate to how they handled the CHINS process and their decisions not to hold in-person hearings. His due process allegations are simply characterizations of his dissatisfaction with their decisions, they are not independent due process claims.[2]

Similarly, his claims against the Lake County DCS relate only to how the department handled the 2010 investigation. Zirkle claims that the DCS employees deprived him of due

---

[2] Setting aside the *Rooker-Feldman* doctrine, Peller and Sarafin, as judges, are protected by common law immunity from federal suit brought on the basis of judicial acts. *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005); *see Pena v. Mattox*, 84 F.3d 894, 897 (7th Cir. 1996); *John v. Barron*, 897 F.2d 1387, 1391-92 (7th Cir. 1990). This immunity extends to all participants in CHINS proceedings. *H.B. v. State of Indiana*, 713 N.E.2d 300, 302 (Ind. Ct. App. 1999) (judicial immunity includes making recommendations, implementing the court's orders, and preparing case plans and dispositional reports). Zirkle's complaints against the magistrates arise from their actions related to the custody of Zirkle's son, so even if I have jurisdiction over these claims, the claims are barred as to Peller and Sarafin due to judicial immunity.

process when they filed documents with the court *ex parte*, threatened the child's mother into getting a protective order against him, made misrepresentations to Magistrate Peller, failed to inform him of the charges against him in the CHINS petition, and seized his children's cell phones. All of these allegations stem from – in other words, they are inextricably intertwined with – DCS's actions during the course of the custody proceeding that lasted between July 2010 and September 2011. His due process characterization doesn't change the fact that these complaints lie in the outcome of the custody proceeding.

The same is true of Zirkle's clams against the Lake County CASA and Dr. Gopal. The CASA was assigned as a guardian ad litem to represent the children in July 2010, and Dr. Gopal was asked by the state court to do a parental assessment. Zirkle alleges the CASA didn't provide the children with proper advocacy, violating their right to representation. His claim against Dr. Gopal is similarly murky but appears to relate to the disclosure of his report to the court and parties. These allegations are extremely vague, and likely do not meet the minimal pleading requirements under Federal Rule of Civil Procedure 8. Yet even if his allegations sufficiently state a claim, the CASA's interaction with the children and the work of Dr. Gopal occurred only because the state court appointed them during the proceeding, and therefore the actions taken by the CASA and by Dr. Gopal pursuant to these appointment are intertwined with the state court proceedings. And in all events, even if Zirkle's claims against the CASA and Dr. Gopal can survive a *Rooker-Feldman* analysis, the complaints would have to be dismissed because – like the claims against Magistrates Peller and Sarafin – they are entitled to absolute judicial immunity. As the Seventh Circuit has stated, "[g]uardian ad litem and court appointed experts, including psychiatrists, are absolutely immune from liability for damages when they act at the court's direction." *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2010).

In sum, Zirkle would not have filed this complaint had he been successful in the state court. And that is what strips me of jurisdiction. Zirkle's Motion to Correct Error [DE 16] is **DENIED**, the Lake County Defendants' Motion to Dismiss [DE 18] is **GRANTED**, Gopal's Motion to Dismiss [DE 22] is **GRANTED**, and this matter is **DISMISSED for want of jurisdiction.**

**SO ORDERED**.

ENTERED: January 12, 2012

s/ Philip P. Simon<br>
PHILIP P. SIMON, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT